Ruffin, C. J.
 

 On the 22d of February, 1831, the plaintiff, e_xesufed--tch:the defendant Nelson Allman, of Georgia, •his gingle •Billtlmiaer seal for the sum of.- $S0, payable on the 22d of March following ; with a proviso therein that it might be.discharged by the delivery of the note of another person, which the plaintiff then held. Shortly before the filing;o.fltheibill,. (which was in April, 1835,) Sitton, originally one of the, defendants, brought a warrant on the bond in the name of the obligee to his use, alleging that he was the equitable owner of the debt; and he therein obtained judgment for the principal sum and interest from the time it became due. The bill states that the bond was given for ihe price of a mare, which the plaintiff conditionally agreed
 
 *383
 
 to purchase from N. Allman on the terms following: that if the plaintiff should dispose of the mare upon a certain con tract which he wished to make with another person, or should think proper to keep her, then the bond was to be obligatory on him ; but if he should not dispose of her or like her, and should, within some few weeks, return the mare to N. Allman or to his brother T. Allman, a resident of Macon county, then Allman, the seller, was to take her back and cancel or send the plaintiff’s bond to him. The bill further states, that the plaintiff did deliver the mare within the prescribed time toN. Allman’s brother'and agent, who received her and, as he believes, returned her to her former owner, who nevertheless did not send the bond 'to the plaintiff, but allowed suit to be brought on it as before mentioned. The bill further charges, that when Sitton, who claims the debt, purchased the bond — which he did from one Margaret Welch, iu September, 1884 — he was informed of the consideration on which it was given, and that Moody did not owe it, and that he took under the expectation of getting the money from Allman and not from Moody, and without recourse on Welch ; and that soon afterwards Allman paid Sitton $43, which he agreed to accept in discharge of the demand. The prayer of the bill was for an injunction and general relief.
 

 Allman did not answer, and the bill was. taken pro
 
 confes-so
 
 as to him, and set down for hearing
 
 ex parte.
 

 Sitton answered that he purchased the note froja. Welch fora valuable consideration, and without contract between^the plaintiff and Allmai^ !p>ffTehtioht the bill: that Allman has since informed gree to surrender the bond, if the plaintiff! but that the plaintiff never did return hei| for her.
 

 On this answer the injunction, which on the bill, was dissolved with costs ; and under the decree Sitton received the principal money and interest up to that time accrued, then amounting to $L19 44, and the further sum of $40 18 for the costs. The plaintiff replied to the
 
 *384
 
 answer and proceeded to take proofs ; and then Sitton died, and the cause was revived against his executor, Walter Brown, and came on to be heard at Spring Term, 1842, of the Court of -Equity; when his Honor decreed that
 
 the
 
 defendant Brown, as executor, should pay to the plaintiff the sum of $40 18 paid to his testator, Sitton, by the plaintiff as costs in this cause, and also the sum of $138 05, together with interest from that time on $80, part thereof, which Sit-ton received as the debt and interest on the dissolution of the injunction ; and should also pay all the other costs of this suit. And it was further decreed that execution issue for the said several sums against the said Walter Brown. From which decree Brown appealed to this court.
 

 The proofs consist of two depositions. One witness states, that Nelson Allman 'admitted to him, that the plaintiff did deliver the mare to his agent, T. Allman, from whom he, N. Allman,«received her. The other witness is Mrs. Welch, from whom Sitton got the bond. She states that she told ' Sitton, that Moody did not owe the debt, and traded the note to him as one that did not bind Moody, but on which he would have to get the money from N. Allman'; and that Sitton said he did not care for Moody, for Allman was good. The plaintiff also exhibited a receipt from Sitton to Nelson Allman, dated November 17th, 1834, for $45, expressed to be in full of a claim on him on a note given by II. Moody for $80.
 

 We think, that upon the merits of this controversy the decree is clearly right. As against Allman, it admits of no question ; for as against him the bill was taken as confessed and the return of the mare admitted. Besides, a witness proves his explicit admission of the fact. It follows that it would be unconscientious in him to enforce the bond. The other defendant stands precisely on the same ground. Not to say any thing of the express notice proved on him, he cannot recover, because he is affected by all the equities against Allman himself.
 
 Coles v Jones,
 
 2 Vern. 692. Sitton is not an assignee, but is obliged to in Allman’s name. Indeed, the instrument is not negotiable; and, if it were, it was overdue and dishonored, when Allman parted from it;
 
 *385
 
 and whoever got it from him would necessarily hold it as he held it; in other words, succeed only-to his rights. But we think the decree was premature, being made without an admission of assets of Sittoir by Brown, and without a report fixing him with assets. This was, no doubt, a mere inadvertence, and probably arose from the'circumstance that the defendant did not contest that point. It does not concern the merits, nor can it even affect the costs in this court; unless it should turn out, upon the enquiry, that the executor has no assets. But it is necessary that the orderly proceedings of the court should be observed ; and, therefore, there must be an enquiry as to the state of the assets, unless that defendant should’think it best not to incur that expense, and to admit to the amount of the recovery and costs in this case. In all other respect's the decree is affirmed for it' could not, be necessary that the court should rel-er it to the master to state the sums-received by Sitton, which the'records of the cause itself shewed.
 

 Per Curiams Decree' accordingly.